UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**J.D. THOMPSON, III (#106841)**  CIVIL ACTION

**VERSUS**

19-566-SDD-SDJ

**JAMES LEBLANC, ET AL.**

## ORDER

Before the Court are the plaintiff's Motion for Leave to Amend (R. Doc. 21) and Motion for Summons (R. Doc. 31), wherein the plaintiff requests to amend his complaint to add additional defendants and claims against these defendants, which claims he asserts were exhausted on June 14, 2020, and for summons to be issued. As admitted by the plaintiff, these claims were not administratively exhausted at the time that he commenced this proceeding as mandated by 42 U.S.C. § 1997e. Consequently, they would not properly be before the Court. *See Smith v. Olsen*, 455 Fed. Appx. 513, 515 (5th Cir. 2011) (noting that "[a]n amended complaint will not typically cure the failure to exhaust administrative remedies prior to initially filing suit"). *See also Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (explaining that § 1997e "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending"), *overruled by implication on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

It is within the Court's discretion to deny a motion to amend if it is futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). The Court finds such futility in this case for the reasons stated above. Accordingly,

**IT IS ORDERED** that the plaintiff's Motions (R. Docs. 21 and 31) are **DENIED.**

Signed in Baton Rouge, Louisiana, on July 22, 2020.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**