## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**J.D. THOMPSON, III (#106841)**             **CIVIL ACTION**

**VERSUS**

**19-566-SDD-SDJ**

**JAMES LEBLANC, ET AL.**

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on October 18, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

J.D. THOMPSON, III (#106841)                                CIVIL ACTION

VERSUS

                                                                                19-566-SDD-SDJ

JAMES LEBLANC, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment filed on behalf of Defendants Secretary James LeBlanc, Lt. Col. Sheila Robinson, and Dr. Preety Singh (R. Doc. 51). The Motion is opposed. *See* R. Doc. 52.

*Pro se* Plaintiff, an inmate confined at Elayn Hunt Correctional Center("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights were violated due to unconstitutional conditions of confinement and deliberate indifference to his serious medical needs. Defendants[1] move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the affidavit of Master Sergeant Susie Krol, certified copies of a grievance input screen and administrative remedy procedures numbers EHCC-2017-189, EHCC-2017-207, EHCC-2017-222, EHCC-2017-344, EHCC-2018-645, EHCC-2019-506, EHCC-2019-613, EHCC-2019-796, EHCC-2019-829, and EHCC-2019-866. The Plaintiff opposes the motion relying upon the pleadings.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for

---

[1] Defendants Captain Smith, Asst. Warden D. Campbell, and Prison Enterprise, Inc., have not been served.

summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record that demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and the court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

  In the Complaint, as amended, Plaintiff alleges that Defendants have been deliberately indifferent to his health by housing him in an area where he is exposed to second-hand smoke. Defendants assert that Plaintiff's claims are subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available to

him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325. A review of the record reveals that Plaintiff filed one grievance pertaining to his complaints herein prior to filing suit. Grievance EHCC-2019-506 was filed on July 18, 2019. Therein Plaintiff complained about exposure to second-hand smoke, but also complained about a prior attack and resulting injuries and treatment. *See* R. Doc. 51-10, p. 3-6.

The grievance was rejected for failure to follow established rules and procedures because Plaintiff addressed more than one complaint in his grievance. *See* R. Doc. 51-10, p. 2. It is undisputed that Plaintiff's grievance never progressed past the screening stage.

Plaintiff asserts that Defendants improperly prevented him from completing the grievance process. However, the record is void of any evidence in support of Plaintiff's assertion. Furthermore, there is nothing to indicate that Plaintiff submitted a corrective grievance limiting his assertions to only the issue of exposure to second-hand smoke prior to filing suit on August 22, 2019.[2] As such, Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## **RECOMMENDATION**

The summary judgment record establishes that Plaintiff failed to exhaust his administrative remedies prior to filing suit. As such, the Court may grant a motion for summary judgment with respect to any non-moving defendants *sua sponte* after giving Plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La.

---

[2] Plaintiff did not file a procedurally correct grievance until January of 2021 after the filing of both his original and amended complaints. *See* R. Docs. 1, 27 and 47-1.

June 10, 2008). Accordingly, it is recommended that the Motion for Summary Judgment (R. Doc. 51) be granted, dismissing all of Plaintiff's claims against all defendants. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed without prejudice.

    Signed in Baton Rouge, Louisiana, on October 18, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**